F I L E D
United States Court of Appeals
Tenth Circuit

MAY 4 2005

PATRICK FISHER
Clerk

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

No. 04-1398

OSCAR SERRANO-DOMINGUEZ,

Defendant-Appellant.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. NO. 04-CR-145-MK)**

---

Submitted on the briefs.*

Raymond P. Moore, Federal Public Defender, and Edward R. Harris, Assistant Federal Public Defender, Denver, Colorado for Defendant-Appellant.

William J. Leone, Acting United States Attorney, and Jerry N. Jones, Assistant United States Attorney, Denver, Colorado for Plaintiff-Appellee.

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

**McCONNELL**, Circuit Judge.

---

    \* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

The defendant, Oscar Serrano-Dominguez, appeals his sentence of 33 months imprisonment for illegally reentering the United States in violation of 8 U.S.C. § 1326. Mr. Serrano-Dominguez argues that the use of the Federal Sentencing Guidelines ("Guidelines") to sentence him is unconstitutional in light of *Blakely v. Washington*, 124 S.Ct. 2531 (2004). We evaluate this claim now that the Supreme Court has issued its decision in *United States v. Booker*, 125 S.Ct. 738 (2005), and **AFFIRM** Mr. Serrano-Dominguez's sentence.

## I.

Mr. Serrano-Dominguez was found in the United States on or about March 8, 2004. The indictment alleged that he illegally reentered the country after he was convicted of an aggravated felony and deported. Mr. Serrano-Dominguez entered into a plea agreement, in which he admitted the conduct alleged in the indictment, and the government agreed to recommend a three-level decrease in his offense level for his acceptance of responsibility. The plea agreement stipulated that Mr. Serrano-Dominguez would be sentenced through the application of the Guidelines.

The probation officer assigned a base offense level of 8, *see* U.S.S.G. § 2L1.2(a) (2003), and applied an 8-level enhancement because Mr. Serrano-Dominguez had a prior conviction for an aggravated felony. *See* U.S.S.G. § 2L1.2(b)(1)(C). Mr. Serrano-Dominguez received a three-level reduction for

acceptance of responsibility, U.S.S.G. § 3E1.1. Based on his total offense level of 13 and a criminal history category of VI, the presentence report determined that the permissible range for the sentence was 33 to 41 months. *See* U.S.S.G. ch. 5 pt. A.

Prior to sentencing Mr. Serrano-Dominguez filed a motion seeking to declare the Guidelines as a whole unconstitutional pursuant to *Blakely*. The district court denied the motion. However, before sentencing, the district court directed Mr. Serrano-Dominguez and his counsel to discuss his plea in light of *Blakely*. After this discussion, he signed a statement reaffirming the plea agreement with the knowledge that he had a Sixth Amendment right to have a jury find any sentence enhancing facts by a reasonable doubt. Mr. Serrano-Dominguez testified under oath that he accepted the provisions in the written statement. However, the signed statement reserved the right "to challenge the constitutionality of the U.S. Sentencing Guidelines." R. Vol. I Doc. 33 ¶ 10. After establishing this waiver, the district court sentenced Mr. Serrano-Dominguez, under the Guidelines, to 33 months imprisonment. In addition, the district court imposed an alternative sentence of 33 months imprisonment in the event the Supreme Court changed the status of the Guidelines pursuant to *Blakely*.

**II.**

Mr. Serrano-Dominguez appeals the district court's denial of his motion to declare the Sentencing Guidelines unconstitutional. In *United States v. Labastida-Segura*, we concluded that a similar appeal was sufficient to preserve a potential Sixth Amendment error pursuant to *Booker,* 396 F.3d 1140, 1142-43 (10th Cir. 2005). Where a defendant preserves a potential *Booker* error, we will remand if the error was not harmless, i.e., the error did not affect the defendant's substantial rights. *See id.*; Fed. R. Crim. P. 52(a).

There are two types of error under *Booker*: constitutional error and non-constitutional error. *See United States v. Gonzalez-Huerta*, 2005 WL 807008 *2 (10th Cir. 2005) (en banc). Constitutional *Booker* error occurs when a judge-found fact (other than a prior conviction) increases a defendant's sentence beyond the maximum authorized by a jury's verdict or a plea of guilty through the application of mandatory guidelines. *Booker*, 125 S.Ct. at 756. Non-constitutional error is a product of the remedial opinion in *Booker*, which severed the statutory provision requiring mandatory application of the Sentencing Guidelines in most cases. *Id.* at 764 (severing 18 U.S.C. § 3553(b)(1)). Severing this provision effectively rendered the Guidelines advisory, although sentencing courts must consult both the Guidelines and the factors listed in 18 U.S.C.

3553(a),[1] and appellate courts will reverse any sentences that are unreasonable. *Id.* at 767. Any sentence imposed through mandatory application of the Sentencing Guidelines, even where there is no Sixth Amendment violation, is erroneous. *Gonzalez-Huerta*, 2005 WL at *2.

This case involves only non-constitutional error. In his guilty plea, Mr. Serrano-Dominguez admitted all the facts necessary to authorize his sentence, so his sentence does not implicate the Sixth Amendment. However, the district court applied a sentence at the bottom of the then-mandatory range provided by the Sentencing Guidelines. Accordingly, there was an error in Mr. Serrano-Dominguez's sentence, and we must determine whether or not this error was harmless.

In *Labastida-Segura*, the defendant, like Mr. Serrano-Dominguez, admitted all the facts required to support his sentence and received a sentence at the bottom of the Guidelines range. 396 F.3d at 1142. We framed the harmless error analysis by asking whether the non-constitutional *Booker* error affected the sentence the defendant would receive under the post-*Booker* framework of consulting advisory Guidelines, the § 3553(a) factors, and review for

---

[1] 18 U.S.C. § 3553(a) requires the sentencing court to consider factors such as the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the sentencing range suggested by the Guidelines, *id.* § 3553(a)(4), and the need for sentencing uniformity for defendants with similar criminal histories and found guilty of similar conduct, *id.* § 3553(a)(6).

unreasonableness. *Id.* Because this inquiry would have "place[d] us in the zone of speculation and conjecture" we could not conclude that the error in Mr. Labastida-Segura's sentence was harmless. *Id.* at 1143. Accordingly, we remanded the case for resentencing.

Mr. Serrano-Dominguez urges us to reach the same result. He contends that if we remand his case, it is possible that the district court, untethered from the mandatory Guidelines, will impose a shorter sentence than the one he initially received. He argues that the Court would have to engage in prohibited speculation and conjecture to conclude that he would receive the same sentence on remand. The analysis of whether *Booker* errors affect substantial rights—either under the rubric of harmless error or plain error—has produced much hand wringing by appellate courts. Fortunately, we do not need to read any tea leaves to determine what the district court would do on remand.

With commendable prescience, the district court announced an alternative sentence, which applied the methodology suggested by *Booker*. Before doing so, the district court asked Mr. Serrano-Dominguez "is it your desire to have an alternative sentence imposed here?" Through counsel, Mr. Serrano-Dominguez

answered: "Sure, your honor. Yes."[2] The district court determined the

alternative sentence by applying the § 3553(a) factors relevant to the defendant:

> In considering [the § 3553(a)] factors, I note that the defendant
> has a substantial criminal record. He has an apparent substance
> abuse problem. He has worked here in the United States but
> apparently has no valid Social Security number and has paid no
> taxes. He has apparently acquired assets, but it's unclear how these
> assets came to be acquired and what the disposition of these assets is.
> Under these circumstances outside the guidelines and
> considering the statutory factors, I would intend to impose precisely
> the same sentence as the guidelines require, 33 months of
> incarceration . . . .

R. Vol. II at 19. The alternative sentence was exactly the same as the sentence

determined using the mandatory Guidelines: 33 months.

The district court's statement eliminates any need to speculate about what it

would do on remand. *Cf. United States v. Urbanek*, 930 F.3d 1512, 1515-16 (10th

Cir. 1991) (finding that error was not harmless when the district court did not

"specifically state" that a defendant's sentence would be the same under the

correct offense level). The district court applied the sentencing methodology

suggested in *Booker* and concluded that even if the Guidelines were not

mandatory Mr. Serrano-Dominguez would receive the same sentence.

Consequently, the error in his sentence is harmless. A remand would needlessly

---

[2]At the beginning of the sentencing hearing, the district court asked the parties if they wished to supplement the record, and both before and after explaining the basis for the alternative sentence, the court invited the parties to make "further argument." Counsel declined both invitations.

burden the district court and counsel with another sentencing proceeding, which we know would produce the same result.  Mr. Serrano-Dominguez's sentence is **AFFIRMED** .