**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

LARRY BURSE,

    Defendant - Appellant.

No. 04-3119
(D.C. No. 03-CR-20126-01-GTV)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

We consider the appeal of a 2004 conviction and sentence for multiple counts of possession of cocaine with intent to distribute, in which defendant Larry Burse argues that the district court improperly admitted evidence at his trial concerning a prior conviction in violation of Federal Rules of Evidence 404(b) and 609. Defendant further contests the use of the Federal Sentencing Guidelines to sentence him as unconstitutional in light of Blakely v. Washington, 124 S. Ct.

---

[*]     The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

2531 (2004).[1]  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we

**AFFIRM**.

## I

Over Burse's objection, the district court permitted the government to introduce an exhibit of his 1994 prior conviction of possession of cocaine without a tax stamp and aiding a felon.  The court also permitted the government to present testimony about the factual background of, and allowed cross-examination of Burse about, the prior conviction.  Burse alleges that because the initial exhibit revealing his prior conviction was insufficiently relevant to the crimes being charged, its admission violated Federal Rule of Evidence 404(b), which governs the admissibility of crimes, wrongs, or acts extrinsic to the crime on trial.  He further alleges that the court's ruling allowing direct testimony about that prior conviction violated Federal Rule of Evidence 609, which governs use of criminal convictions to impeach a witness's credibility.

## A

Turning first to Burse's Rule 404(b) claim, we review the district court's decision to admit evidence of a prior adjudication pursuant to that rule for abuse

---

[1] We will also evaluate this claim under United States v. Booker, 125 S. Ct. 738 (2005).  See U.S. v. Clifton, 406 F.3d 1173, 1175 n.1 (10th Cir. 2005) ("We must apply the holdings in Blakely and Booker to all cases in which a defendant raised an issue under either case.").

of discretion. United States v. Becker, 230 F.3d 1224, 1232 (10th Cir. 2000). A district court abuses its discretion only when it issues an "arbitrary, capricious, whimsical, or manifestly unreasonable judgment." Prairie Band Potawatomi Nation v. Wagnon, 402 F.3d 1015, 1019 (10th Cir. 2005). Generally under Rule 404(b), evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person, but may be admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Fed. R. Evid. 404(b); Huddleston v. United States, 485 U.S. 681, 682 (1988). Under Huddleston, evidence is properly admitted when: (1) the evidence was offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the trial court, upon request, instructed the jury to consider the evidence only for the proper purpose for which it was admitted. Id. at 691-692.

Burse argues that because his 1994 conviction was about eight years old at the time of trial, under Becker, the district court abused its discretion in admitting his 1994 conviction. See Becker, 230 F.3d at 1232 (holding that convictions four to six years before the charged conduct not temporally related). Analyzing Burse's claims under Huddleston, we discern no abuse of discretion.

3

As to what purposes are "proper" under Rule 404(b) in the context of drug crimes, we have held that "the use of prior drug involvement to show plan, motive, or intent in a drug trafficking offense is appropriate." United States. v. Sturmoski, 971 F.2d 452, 459 (10th Cir. 1992). We conclude that the first Huddleston factor was met because the government's purpose for introduction of the prior crime was to show Burse's intent to distribute the crack cocaine and his knowledge of cocaine base in general, and the court admitted the evidence for that purpose.

As to the second Huddleston prong, relevance, we have "long recognized the relevance of previous wrongs and crimes in the context of narcotics violations." United States v. Conway, 73 F.3d 975, 981 (10th Cir. 1995) (evidence of defendant's three prior crack cocaine arrests was admissible in subsequent narcotics prosecution as probative of common plan, knowledge and intent) (internal citations omitted). While "[t]his is particularly true when the uncharged conduct is close in time and similar in method to the charged crime," id., "there is no set rule regarding the age of prior acts." Sturmoski, 971 F.2d at 459. Other courts have permitted convictions older than Burse's as relevant, see, e.g., United States v. Hernandez-Guevara, 162 F.3d 863, 873 (5th Cir. 1998) (holding that eighteen-year-old conviction for same crime as charged in indictment is relevant).

4

Although Burse supports his claim by citing to Becker, Becker did not establish a temporal bright-line rule. Instead, Becker relied heavily on a fact-specific analysis of the relevance of the prior crimes. Id. at 1233 ("Often, the specific factual circumstances of prior acts can allow for further comparison to later offenses.") At Burse's trial, the lower court allowed evidence of his prior conviction to show an ongoing pattern of drug trafficking involving Burse's brother and the use of his brother's residence to conduct drug transactions. The instant prosecution was based on drug trafficking conducted in the same manner at the same residence. We simply cannot conclude that the district court's determinations on this issue, or its conclusion that the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice[2] – both issues so clearly within its discretion – were wrong, let alone "arbitrary, capricious, whimsical, or manifestly unreasonable."

Finally, the trial court did instruct the jury that the evidence of similar acts was to be considered only for the proper purpose of determining intent. Accordingly, the final Huddleston prong is satisfied.

---

[2] Although it does not appear the district court explicitly addressed the Rule 403 balancing test, that is not what is required by Rule 404(b). "We have consistently upheld implicit Rule 403 determinations when the determinations are supported by the record." United States v. Lazcano-Villalobos, 175 F.3d 838, 846 (10th Cir. 1999).

**B**

Animating Burse's Rule 609 challenge is the court's decision to permit the government, in direct examination of an undercover officer involved in Burse's prior arrest, to elicit detail about the circumstances of the 1994 conviction. Federal Rule of Evidence 609(a)(1) allows evidence of a prior felony conviction to be admitted for purposes of impeaching the defendant's credibility if the prior conviction was punishable by imprisonment in excess of one year and its probative value outweighed its prejudicial effect on the defendant. In U.S. v. Albers, 93 F.3d 1469, we made it clear that the prosecution in a criminal case cannot elicit the "underlying facts" of a prior conviction. United States v. Albers, 93 F.3d 1469, 1480 (10th Cir. 1996).

Although Burse characterizes the examination of the officer as the Government's bringing "in through the back door what it could not get in through the front door," it appears to us that Burse is bringing an evidentiary challenge against the officer's testimony through the back door of Rule 609 that he could not get in through the front door of Rule 404(b). The purpose of the details of the prior conviction here was to show the similarity of specific factual circumstances to show intent. Indeed, relevancy to intent was the very basis upon which Burse

6

objected to the officer's testimony.  See R. vol. 4 at 631.[3]  Because Fed. R. Evid. 404(b) provided a separate evidentiary basis upon which the district court admitted this evidence, its admission was not for the purpose of "attacking the credibility of a witness" under Fed. R. Evid. 609.  Accordingly, we see no violation of Rule 609.

## II

The Booker aspect of this case is governed squarely by our decision in United States v. Serrano-Dominguez, 406 F.3d 1221 (10th Cir. 2005) (declining to remand for resentencing where the sentencing court had provided an alternative sentence in anticipation of Booker's application of Blakely to the sentencing guidelines).  At Burse's sentencing, the Pre-Sentence Report recommended, and

---

[3] To preserve a claim of error, a defense attorney must object and state the "grounds for that objection."  Fed. R. Crim. P. 51.  Burse did not object to the officer's testimony under Rule 609.  Thus, even if we were to analyze the officer's examination under Rule 609, we would review only for plain error.  See Becker 230 F.3d at 1231.  While the decision to allow testimony about details of Burse's past conviction for cocaine possession would plainly run afoul of Albers if it were admitted for credibility, any error would be harmless:  the evidence against Burse included four controlled cocaine-buys with two separate confidential sources, the testimony of an accomplice who was present during a drug sale, the testimony of another accomplice who discarded drugs for Burse during the subsequent police pursuit.  "Where the evidence against a defendant is overwhelming, any error in mentioning a defendant's criminal record is harmless."  United States v. Sloan, 65 F.3d 861, 865 (10th Cir. 1995).  Here, as in Albers itself, a case where the Rule 609 error was preserved and considered on the merits, "the error in developing the details underlying the prior conviction here would have had very slight, if any, effect on the jury's verdict and therefore was harmless," Albers, 93 F.3d at 1481 (10th Cir. 1996).

7

the sentencing court applied, a two-level upward adjustment for obstruction of justice under U.S.S.G. § 3C1.1. Combined with his Base Offense Level of 28, and a Criminal History category of V, Burse's sentencing range was 151-188 months. The trial judge sentenced Burse to 151 months. Burse objected to the application of the enhancement on the basis that it violated Blakely v. Washington, 125 S.Ct. 2531 (2004). Without the enhancement, Burse's Guideline range would have been 130-162 months.

In United States v. Labastida-Segura, we concluded that a similar objection was sufficient to preserve a potential Sixth Amendment error pursuant to Booker, 396 F.3d 1140, 1142-43 (10th Cir. 2005). Where a defendant preserves a potential Booker error, we will remand if the error was not harmless, i.e., the error did not affect the defendant's substantial rights. See id.; Fed. R. Crim. P. 52(a).

There are two types of error under Booker: constitutional error and non-constitutional error. See United States v. Gonzalez-Huerta, 403 F.3d 727, 731-732 (10th Cir. 2005) (en banc). Constitutional Booker error occurs when a judge-found fact (other than a prior conviction) increases a defendant's sentence beyond the maximum authorized by a jury's verdict or a plea of guilty through the application of mandatory guidelines. Id. at 731. Non-constitutional error is a product of the remedial opinion in Booker, which severed the statutory provision

8

requiring mandatory application of the Sentencing Guidelines in most cases. Id. at 732. Severing this provision effectively rendered the Guidelines advisory, although sentencing courts must consult both the Guidelines and the factors listed in 18 U.S.C. § 3553(a).[4] Booker, 125 S. Ct. at 767. Any sentence imposed through mandatory application of the Sentencing Guidelines, even where there is no Sixth Amendment violation, is erroneous. Gonzalez-Huerta, 403 F.3d at 732.

This case involves only non-constitutional error. Although the two-level enhancement to Burse's Offense Level was based on facts not found by the jury, the resulting sentence, 151 months, remained within the range authorized by the Guidelines without the effect of the contested enhancement, 130-162. Because Burse's sentence was one the district court could have imposed without making a § 3C1.1 enhancement, no constitutional Booker error was committed in this case. See United States v. Yazzie, 407 F.3d 1139, 1145 (10th Cir. 2005). Nonetheless, because the district court sentenced Burse under a mandatory guidelines regime, there was non-constitutional Booker error in Burse's sentence, and we must determine whether this error was harmless.

---

[4] 18 U.S.C. § 3553(a) requires the sentencing court to consider factors such as the history and characteristics of the defendant, 18 U.S.C. § 3553(a)(1), the sentencing range suggested by the Guidelines, § 3553(a)(4), and the need for sentencing uniformity for defendants with similar criminal histories and found guilty of similar conduct, § 3553(a)(6).

Unlike Labastida-Segura, where we had to enter the "zone of speculation and conjecture" to determine whether the non-constitutional Booker error affected the sentence, Labastida-Segura, 396 F.3d at 1143, here we have no problem determining what the district court would do on remand. Because the district court announced an alternative sentence, which applied the methodology later suggested by Booker,[5] we know that the sentence the district court would have imposed is exactly the same as the sentence determined using the mandatory Guidelines: 151 months. As in Serrano-Dominguez, "[t]he district court's statement eliminates any need to speculate about what it would do on remand." Serrano-Dominguez, 406 F.3d at 1224. See also United States v. Rines, 419 F.3d 1104 (10th Cir. 2005) (holding non-constitutional Booker error harmless where judge stated he would find the same sentence absent the guidelines but did not mention specific factors under 18 U.S.C. § 3553(a)). The district court applied the sentencing methodology suggested in Booker and concluded that even if the Guidelines were not mandatory Burse would receive the same sentence. Consequently, we conclude that the error in his sentence is harmless.

---

[5] The sentencing court wrote, "Should the sentencing guidelines be found to be unconstitutional, the Court will revert to an indeterminate sentence and it will be the judgment and order of the Court that the defendant be committed to the custody of the United States Bureau of Prisons for a term of 151 months. All other terms and conditions of the judgment will remain the same." R. Vol. 1 Doc. 76, at 2.

**III**

Because the lower court did not abuse its discretion in admitting evidence, and because the Booker error was harmless, we **AFFIRM**.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge

04-3119, United States v. Burse

**BRISCOE,** Circuit Judge, concurring and dissenting:

I agree with the majority that the district court's evidentiary rulings were not erroneous. I write separately, however, because I disagree with the majority's conclusion that the non-constitutional Booker error that occurred during sentencing in this case was harmless.

Because Burse properly preserved the Booker error, we review for harmlessness. United States v. Labastida-Segura, 396 F.3d 1140, 1142-43 (10th Cir. 2005). In non-constitutional harmless error cases, such as this, the government bears the burden of demonstrating, by a preponderance of the evidence, that the defendant's substantial rights were not affected. Williams v. United States, 503 U.S. 193, 203 (1992).

Although the majority states that the district court "applied the sentencing methodology suggested in Booker," Maj. Op. at 10, I am at a loss to determine how the majority arrived at this conclusion since the transcript of defendant's sentencing hearing is not included in the record on appeal. The only mention of the alternative sentence in the record on appeal is a brief, type-written statement in the district court's judgment indicating that, "[s]hould the sentencing guidelines be found to be unconstitutional," the district court would impose a sentence "of 151 months." ROA, Vol. I, Doc. 76, at 2. That leaves us with the

question of whether this brief, type-written statement is sufficient to allow us to conclude that the district court's mandatory application of the Sentencing Guidelines was harmless. Although the majority equates this statement with what occurred in United States v. Serrano-Dominguez, 406 F.3d 1221 (10th Cir. 2005), I disagree. In Serrano-Dominguez, the sentencing court imposed an alternative sentence by expressly acknowledging and applying the factors outlined in 18 U.S.C. § 3553(a). There is no indication here, however, that the district court applied a similar methodology in arriving at its proposed alternative sentence, and I conclude it would be improper for us to simply assume it did so, particularly since the burden of establishing harmless error rests on the government.

2