BRISCOE, Circuit Judge,
concurring and dissenting.
I agree with the majority that the district court’s evidentiary rulings were not erroneous. I write separately, however, because I disagree with the majority’s conclusion that the non-constitutional Booker error that occurred during sentencing in this case was harmless.
Because Burse properly preserved the Booker error, we review for harmlessness. United States v. Labastida-Segura, 396 F.3d 1140, 1142-43 (10th Cir.2005). In non-constitutional harmless error cases, such as this, the government bears the burden of demonstrating, by a preponderance of the evidence, that the defendant’s substantial rights were not affected. Williams v. United States, 503 U.S. 193, 203, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992).
Although the majority states that the district court “applied the sentencing methodology suggested in Booker” Maj. Op. at-, I am at a loss to determine how the majority arrived at this conclusion since the transcript of defendant’s sentencing hearing is not included in the record on appeal. The only mention of the alternative sentence in the record on appeal is a brief, type-written statement in the district court’s judgment indicating that, . “[sjhould the sentencing guidelines be found to be unconstitutional,” the district court would impose a sentence “of 151 months.” ROA, Vol. I, Doc. 76, at 2. That leaves us with the question of whether this brief, type-written statement is sufficient to allow us to conclude that the district court’s mandatory application of the Sentencing Guidelines was harmless. Although the majority equates this statement with what occurred in United States v. Serrano-Dominguez, 406 F.3d 1221 (10th Cir.2005), I disagree. In Serrano-Dominguez, the sentencing court imposed an alternative sentence by expressly acknowledging and applying the factors outlined in 18 U.S.C. § 3553(a). There is no indication here, however, that the district court applied a similar methodology in arriving at its proposed alternative sentence, and I conclude it would be improper for us to simply assume it did so, particularly since the burden of establishing harmless error rests on the government.