**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 25, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ROBERT McCLEARY,

      Defendant - Appellant.

No. 04-6316

(D.C. No. CR-04-48-R)

(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

In October 2000, agents from the Federal Bureau of Investigation learned of a bank fraud scheme involving Defendant and a number of other alleged co-conspirators. The conspiracy involved a check kiting operation where worthless

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

checks were deposited into newly opened accounts for the purpose of artificially inflating account balances. Defendant was charged in a three-count indictment for bank fraud in violation of 18 U.S.C. § 1344(1). Pursuant to a plea agreement, Defendant pled guilty to one count in exchange for the dismissal of the remaining counts.

At sentencing, the presentence report recommended that the district court apply a two-level sentencing enhancement under § 2F1.1(b)(2)(A) of the United States Sentencing Guidelines Manual ("Guidelines") because Defendant allegedly participated in more than minimal planning of the conspiracy. The presentence report recommended an additional three-point sentencing enhancement under § 3B1.1(b) of the Guidelines for Defendant's alleged leadership role in the conspiracy. Defendant objected to the district court's application of § 2F1.1(b)(2)(A) and § 3B1.1(b) arguing that the enhancement violated his Sixth Amendment rights as articulated in *Blakely v. Washington*, 542 U.S. 296 (2004). Rec., Vol. 1, at 1-5. The district court overruled Defendant's objection and sentenced Defendant to twelve months' incarceration–the low end of the Guidelines range. Anticipating that, in the wake of *Blakely*, the Guidelines might be declared unconstitutional, the district court indicated that it would impose the same twelve-month sentence were it not bound by the Guidelines. Supp. Rec., Vol. 1, Sent. Tr. at 25.

On appeal, Defendant argues that his sentence violated his constitutional rights as recently articulated by the Supreme Court in *United States v. Booker*, __U.S.__, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court announced that types of errors can occur when a defendant is sentenced pursuant to the then-mandatory Guidelines: constitutional error and non-constitutional error. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005). Constitutional error occurs when a judge makes a finding of fact (other than a fact of prior conviction) that increases a defendant's sentence beyond the maximum authorized by either a guilty plea or the jury's verdict. *Id.* at 731. Non-constitutional error is present in most pre-*Booker* cases and results from the district court's mandatory application of the Guidelines. *Booker*, __U.S.__, 125 S. Ct at 764. (severing 18 U.S.C. § 3553(b)(1)).

Here, Defendant claims that the district court committed constitutional error when it found facts, beyond the terms of the plea agreement, that related to sentencing enhancements under the Guidelines. Because Defendant made a *Blakely* objection to the district court at sentencing, he preserved his *Booker* argument for this appeal. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005) (noting that a *Blakely* objection is sufficient to preserve a challenge of *Booker* error). We apply a harmless error standard of review to cases involving constitutional error. *Id.*

Federal Rule of Criminal Procedure 52(a) outlines the harmless error standard, providing that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded." The Supreme Court has directed courts of appeals to remand cases for resentencing when the district court has misapplied the Guidelines unless the court of appeals concludes that the district court's selection of the sentence was not affected by the error, i.e., that the error was harmless. *United States v. Riccardi,* 405 F.3d 852, 875 (10th Cir. 2005) (citing *Williams v. United States*, 503 U.S. 193, 203 (1992)). The government must also demonstrate that the error did not affect Defendant's substantial rights. *Williams*, 503 U.S. at 203. In cases of constitutional error, like the instant case, the "beneficiary of the error"–the government in this case–must prove that the error was harmless beyond a reasonable doubt. *See Chapman v. California*, 386 U.S. 18, 24 (1967).

In *Labastida-Segura*, we held that a sentence at the bottom of the Guidelines range demonstrates that the error is not harmless and warrants an automatic remand for resentencing. 396 F.3d at 1143. The district court's twelve-month sentence under the then-mandatory Guidelines regime, at the low end of the Guidelines range, is, therefore, not harmless. But that does not end our inquiry because the district court in this case provided an alternate sentence.

In *United States v. Serrano-Dominiguez*,[1] we affirmed the district court's alternate sentence which was identical to the unconstitutional Guidelines sentence that the district court had also imposed. 406 F.3d 1221, 1224 (10th Cir. 2005). Defendant's case is analogous to *Serrano-Dominiguez*. The district court here stated unequivocally that it would impose the same sentence even if it were not bound by the Guidelines. It therefore imposed identical alternative sentences–one under the Guidelines and the other in case the Guidelines were held to be unconstitutional. Supp. Rec., Vol. 1, Sent. Tr. at 25. Because of the district court's remarkable prescience, "we do not need to read any tea leaves to determine what the district court would do on remand." *Serrano-Dominguez*, 406 F.3d at 1223. A remand would be futile. *See id.* at 1224 ("[A] remand would needlessly burden the district court and counsel with another sentencing proceeding, which we know would produce the same result.").[2] Additionally, the alternative sentence imposed by the district court was well below the statutory maximum of thirty years, and overall, we find it to be reasonable. *See*

_____

[1]While *Serrano-Dominguez* dealt with non-constitutional *Booker* error instead of the type of constitutional *Booker* error at issue in this case, the effect would be the same for either error; thus, the distinction is trivial.

[2]We do not reach Defendant's ex post facto clause argument since we are not remanding the case. Aplt. Br. at 22 ( "[T]he district court on remand may sentence anywhere *below* the applicable Guideline range, but not *above* that range based on the remedy fashioned by Justice Breyer's opinion." (emphasis in original)). Because we affirm the district court's sentence on other grounds, we will not address this argument.

*Booker*,__U.S.__, 125 S. Ct. at 766-67.

**AFFIRMED.**

Entered for the Court


Monroe G. McKay
Circuit Judge