**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff-Appellee, | No. 04-4196 |
| v. | (D. Utah) |
| JOEL MOSQUEDA-RAMIREZ, | (D.C. No. 2:04-CR-135-DAK) |
| Defendant-Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

In June 2004, Joel Mosqueda-Ramirez pleaded guilty to one count of possession with intent to distribute 50 grams or more of a mixture of substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 2. The district court examined a toxicology report and found that he possessed 165.3 grams of "actual" methamphetamine. This amount was different from and greater than the amount admitted in the plea agreement. The district court subsequently sentenced Mr. Mosqueda-Ramirez to 87 months' imprisonment. It also stated it would an impose an identical "back up" sentence in case the Guidelines were invalidated. Mr. Mosqueda-Ramirez claims that the district court violated his Fifth Amendment right to an indictment and his Sixth Amendment right to a jury trial by relying on its own factual determinations of drug quantity to enhance his sentence. We exercise jurisdiction under 28 U.S.C. § 1291. In light of the district court's identical discretionary sentence, we conclude that the sentencing error was harmless, and therefore affirm the district court's sentence.

## I. BACKGROUND

Mr. Mosqueda-Ramirez stipulated in his plea agreement that "[o]n March 2, 2004, [he] knowingly and intentionally possessed with intent to distribute more than 50 grams of a mixture or substance containing methamphetamine." Rec. vol. 1, doc. 33, at 4 ¶ 12(a). The offense to which he pleaded guilty carries a mandatory minimum sentence of 5 years' imprisonment, and a statutory maximum of 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B). The pre-sentence report ("PSR") recommended a base offense level of 34, relying on a toxicology

report that indicated a total drug mixture of 165.3 grams of actual methamphetamine. *See* U.S.S.G. § 2D1.1(c)(3). Citing *Blakely v. Washington*, 542 U.S. 296 (2004), Mr. Mosqueda-Ramirez objected to calculating the base offense level using any amount or purity of methamphetamine in excess of or different than the 50 grams of mixture to which he pleaded guilty.

At sentencing, the district court stated that "until the Tenth Circuit or the Supreme Court says that *Blakely* applies to the Federal Guidelines, my view is that it does not. But I give a back-up sentence under the statute of convictions, which not surprisingly is usually about the same sentence under the guidelines." Rec. vol. III, at 3 (Sentencing Hr'g, dated Aug. 17, 2004). The district court started with a base offense level of 34, correlated to the 165.3 grams of actual methamphetamine, and reduced the offense level to 29 after applying downward adjustments under the "safety valve," *see* U.S.S.G. § 5C1.2, and for acceptance of responsibility, *see* U.S.S.G. § 3E1.1. Mr. Mosqueda-Ramirez reaffirmed his *Blakely* objection to the court's calculation of his base offense level.

With a criminal history category I and adjusted offense level of 29, the Guidelines range was 87 to 108 months. The district court sentenced him to 87 months's imprisonment, followed by 48 months' supervised release. After sentencing Mr. Mosqueda-Ramirez under the Guidelines, the district court stated that "[t]he back-up sentence under the statute is also 87 months with 48 months

supervised release." Rec. vol. III, at 12.

## II. DISCUSSION

On appeal, Mr. Mosqueda-Ramirez claims that the district court violated his Fifth Amendment right to an indictment and his Sixth Amendment right to a jury trial.

A.    Fifth Amendment claim

We first quickly dispense with Mr. Mosqueda-Ramirez's alleged Fifth Amendment violation from an enhancement based on judge-found facts not alleged in the indictment. The Supreme Court held in *United States v. Cotton*, 535 U.S. 625, 632 (2002) that a sentencing court violates the Fifth Amendment when it relies on a fact not alleged in the indictment to sentence a defendant *above* the statutory maximum. Here, the district court did not sentence Mr. Mosqueda-Ramirez above the statutory maximum, and thus did not commit Fifth Amendment error.

B.    Sixth Amendment claim

Mr. Mosqueda-Ramirez next contends that the district court violated his rights under the Sixth Amendment when it sentenced him based on facts not in the indictment, stipulated, or proven to a jury. In *United States v. Booker*, 125 S. Ct. 738 (2005), the Supreme Court stated that sentencing courts may commit two

-4-

types of error when applying the then-mandatory Guidelines: constitutional and non-constitutional error. Constitutional *Booker* error occurs when a court "rel[ies] upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily," in violation of the Sixth Amendment. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). A court commits non-constitutional *Booker* error when it "appl[ies] the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* at 731-32.

The district court committed constitutional error when it enhanced Mr. Mosqueda-Ramirez's sentence based on its finding of drug quantity. Absent judge-found facts, his base offense level for at least 50 grams of a methamphetamine mixture would be 26. *See* U.S.S.G. § 2D1.1(c)(7). The increase from a base offense level of 26 to 34 resulted from a finding of fact not admitted or determined by a jury, in violation of the Sixth Amendment.

The government maintains that the sentencing error was harmless because the district court announced an identical discretionary sentence, and such an alternative sentence leaves no room for speculation that the court would have imposed a more lenient sentence had it treated the Guidelines only as advisory.

However, according to Mr. Mosqueda-Ramirez, "[t]he trial court never entertained discretion in sentencing [him], nor provided the opportunity to him to present and argue factors outside the Guidelines which might effect a 'discretionary' sentencing." Aplt's Reply Br. at 3.

Mr. Mosqueda-Ramirez preserved his *Blakely* objection below, and we thus review his constitutional sentencing error for harmlessness. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142-43 (10th Cir. 2005) (concluding that a *Blakely* objection sufficiently preserves a claim of error under *Booker*). "Any error, defect, irregularity, or variance which does not affect substantial rights must be disregarded." FED. R. CRIM. P. 52(a). "The burden of proving that an error does not affect substantial rights is upon the beneficiary of the error–here, the government. If the error is of constitutional magnitude, as it is here, the government is required to prove the error was harmless beyond a reasonable doubt." *United States v. Lang*, 405 F.3d 1060, 1065 (10th Cir. 2005) (internal quotation marks omitted).

In *Labastida-Segura*, we concluded that a non-constitutional *Booker* error was not harmless when a defendant was sentenced at the bottom of the Guidelines range and the court did not indicate how it would impose a discretionary sentence "given the new legal landscape." 396 F.3d at 1143. However, if the district court proposed an alternative sentence under a discretionary Guidelines scheme, a

remand for resentencing may not be necessary.  For example, in *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1223 (10th Cir. 2005), "the district court announced an alternative sentence, which applied the methodology suggested by *Booker*" and considered the § 3553(a) factors.  We deemed the non-constitutional error there to be harmless because "[t]he district court applied the sentencing methodology suggested in *Booker* and concluded that even if the Guidelines were not mandatory [the defendant] would receive the same sentence."  *Id.* at 1224.

The holding of *Serrano-Dominguez* is instructive here, and we conclude that the district court's error in sentencing Mr. Mosqueda-Ramirez, even though of a constitutional magnitude, is harmless beyond a reasonable doubt.  *See United States v. McCleary*, No. 04-6316, 2005 WL 2746748 (10th Cir. Oct. 25, 2005) (concluding a constitutional sentencing error was harmless when the district court imposed an identical alternative sentence); *see also United States v. Lee*, 427 F.3d 881, 892 (11th Cir. 2005) (finding that "the government has carried its burden of showing that the *Booker* constitutional error was harmless beyond a reasonable doubt" where "the district court explicitly stated that it would have given [the defendant] the same sentence whether the Guidelines were mandatory or advisory" and "the district court expressly considered the 18 U.S.C. § 3553(a) sentencing factors"); *United States v. Carasa-Vargas*, 420 F.3d 733, 737 (8th Cir. 2005) (concluding that a constitutional sentencing error under *Booker* was

harmless beyond a reasonable doubt when the district court proposed an identical sentence "in the event the enhancement or the Guidelines in their entirety were held inapplicable" and "the district court specifically considered the sentencing factors set forth in 18 U.S.C. § 3553(a)(1)-(7)").

The district court provided Mr. Mosqueda-Ramirez with an identical "back-up sentence under the statute" in case "the Tenth Circuit or the Supreme Court says that *Blakely* applies to the Federal Guidelines." Rec. vol. III, at 3. As a result, we are not in the "zone of speculation and conjecture," as we were in *Labastida-Segura,* 396 F.3d at 1143, and "we do not need to read any tea leaves to determine what the district court would do on remand," *Serrano-Dominiguez*, 406 F.3d at 1223. "The district court's alternative sentence makes clear that either in the absence of the Guidelines or in an advisory Guidelines system, the district court would have imposed on [the defendant] the same sentence as the mandatory Guidelines required." *United States v. Christopher*, 415 F.3d 590, 594 (6th Cir. 2005).

Finally, we reject Mr. Mosqueda-Ramirez's argument that the district court erred by not expressly considering the factors outlined in 18 U.S.C. § 3553(a) when it announced a back-up sentence. Even prior to *Booker*, the Sentencing Reform Act instructed judges to consider the factors outlined in 18 U.S.C. § 3553(a) when imposing sentences. *See* 18 U.S.C. § 3553(a) ("The court, in

determining the particular sentence to be imposed, shall consider [those factors].”); *see also United States v. Rines*, 419 F.3d 1104, 1106 (10th Cir. 2005) (noting, in a case where the district court imposed an identical discretionary sentence, that “[i]t is true that the district court did not march through § 3553(a)’s sentencing factors, but we have never imposed such a requirement”).

Further, the district court adopted many of the sentencing recommendations of the PSR, which had analyzed relevant factors set forth in 18 U.S.C. § 3553(a). The PSR provided information about Mr. Mosqueda-Ramirez’s personal and family history, educational and vocational skills, employment record, and ability to pay. Rec. vol. IV, at 7-8. It also explained the sentencing options regarding custody, supervised release, probation, fines, and restitution. *Id.* at 8-10. Furthermore, at sentencing, the district court waived a fine because “the defendant does not have the ability to pay,” ordered payment of a special assessment fee of $100, and recommended incarceration near the defendant’s family in Los Angeles. Rec. vol. III, at 12.

### III. CONCLUSION

Accordingly, we AFFIRM Mr. Mosqueda-Ramirez’s sentence.

Entered for the Court,

Robert H. Henry
Circuit Judge