**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE GOMEZ-CARDENAS,

Defendant-Appellant.

No. 04-2270

District of New Mexico

(D.C. No. CR-04-1181)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **SEYMOUR,** and **McCONNELL**, Circuit Judges.

Defendant Jose Gomez-Cardenas appeals his sentence of 46 months' imprisonment for illegally reentering the United States in violation of 8 U.S.C. § 1326. Because his sentencing took place during the period of uncertainty prior to *United States v. Booker*, 543 U.S. 220 (2005), the district court entered alternative sentences of equal length: 46 months as an application of the Guidelines, or 46 months if the mandatory Guidelines were held unconstitutional. Mr. Gomez-Cardenas argues that the mandatory application of the Federal Sentencing

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Guidelines during his sentencing was unconstitutional in light of *Booker*. He also claims that the district court violated his Sixth Amendment right to a jury trial when it enhanced his sentence on the basis of a judge-found fact that he had been previously convicted of a felony that was a crime of violence.

Both of these claims are foreclosed by controlling circuit precedent. *See United States v. Serrano-Dominguez*, 406 F.3d 1221, 1224 (10th Cir. 2005) (holding that because "[t]he district court applied the sentencing methodology suggested in *Booker* and concluded that even if the Guidelines were not mandatory [the defendant] would receive the same sentence[,] the error in his sentence is harmless"); *United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005) (holding that "determining whether a given felony constitutes a 'violent felony' is a question of law and not fact, [and therefore] the Sixth Amendment does not require that determination to be made by a jury").

The sentence of Mr. Gomez-Cardenas is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge