**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES of AMERICA,

      Plaintiff-Appellee,

v.

DAGOBERTO RAMOS-RUIZ,

      Defendant-Appellant.

No. 04-2281
(D.C. No. CR-04-26-JB)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY** and **MCKAY**, Circuit Judges.

Defendant-Appellant Dagoberto Ramos-Ruiz pleaded guilty to illegal reentry after deportation following an aggravated felony. On appeal, he alleges that he is entitled to be resentenced in light of United States v. Booker, 543 U.S.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

220 (2005), because the district court mandatorily imposed a sentence according to the Federal Sentencing Guidelines.  We disagree.

## I.  Factual Background

On October 4, 2003, United State Boarder Patrol agents encountered Mr. Ramos in southwestern New Mexico near the Santa Teresa Port of Entry.  Ramos told the agents he was a citizen of Honduras, and immigration records revealed that he had been deported from the United States on three previous occasions.  Prior to his most recent deportation, Mr. Ramos had been convicted of assault with a deadly weapon in California state court.

On January 8, 2004, a federal grand jury indicted Mr. Ramos for illegal reentry after deportation following an aggravated felony, and Mr. Ramos pleaded guilty to the indictment on March 8, 2004.  The PSR assigned a base offense level of eight to Mr. Ramos' conviction pursuant to U.S.S.G. § 2L1.2(a).  It then assigned a sixteen-level enhancement, pursuant to § 2L1.2(b)(1)(A)(iii), because Mr. Ramos had been convicted of a crime of violence—assault with a deadly weapon—and a three-level reduction for acceptance of responsibility pursuant to § 3E1.1.  With a criminal history category III, Mr. Ramos' Guideline sentencing range was forty-six to fifty-seven months in prison.  Mr. Ramos objected to the PSR based on Blakely v. Washington, 542 U.S. 296 (2004).

At the sentencing hearing, the district court overruled Mr. Ramos' <u>Blakely</u> objection. The court then adopted the PSR's recommendations and sentenced Mr. Ramos to forty-six months in prison, the low end of the Guideline range. The court also imposed an alternative sentence in the event the Guidelines were found unconstitutional of forty-six months in prison. Mr. Ramos timely filed his appeal.

## II. Discussion

Sentencing Mr. Ramos pre-<u>Booker</u>, the district court committed non-constitutional <u>Booker</u> error by applying the Guidelines in a mandatory fashion.[1] <u>See</u> <u>United States v. Gonzales-Huerta</u>, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). Mr. Ramos preserved that error by raising a <u>Blakely</u> objection. <u>See</u> <u>United States v. Labastida-Segura</u>, 396 F.3d 1140, 1142-43 (10th Cir. 2005). We therefore review for harmless error. <u>Id.</u>

Non-constitutional <u>Booker</u> error is harmless when "we are not required to engage in any speculation . . . because the district court explained exactly what it would do if the Guidelines were found unconstitutional." <u>United States v. Corchado</u>, 427 F.3d 815, 821 (10th Cir. 2005). Thus, where, as here, the district court imposes an alternative sentence in a sentencing regime in which the guidelines are advisory rather than mandatory and that sentence is identical to the

---

[1] The record does not indicate that any constitutional <u>Booker</u> error occurred, and Mr. Ramos raises only non-constitutional in his appeal.

sentence imposed under a mandatory Guideline regime, non-constitutional error does not warrant a remand. See United States v. Serrano-Dominguez, 406 F.3d 1221, 1223-24 (10th Cir. 2005). "Although the district court did not specify that it was applying the sentencing methodology suggested in Booker—namely consultation of the advisory Guidelines and the factors listed in 18 U.S.C. § 3553(a)—we know that the court consulted the Guidelines and adopted the findings in the PSR, which analyzed several of the factors set forth in 18 U.S.C. § 3553(a)" in sentencing Mr. Ramos. See id.; see also United States v. Rines, 419 F.3d 1104, 1107 (10th Cir. 2005), pet. for cert. filed (U.S. Nov. 14, 2005) (No. 05-7719) (recognizing that the district court need not "march through § 3553(a)'s sentencing factors" before we uphold a sentence).

## III. Conclusion

Because the district court announced an identical alternative sentence, which applied the methodology suggested in Booker, we AFFIRM Mr. Ramos' sentence.

ENTERED FOR THE COURT

David M. Ebel

- 4 -

Circuit Judge