**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-5083**

UNITED STATES OF AMERICA,

Plaintiff- Appellee,

versus

JAMES EDWARD WILSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.   Terry L. Wooten, District Judge. (CR-03-1058)

Submitted:  October 7, 2005          Decided:  December 29, 2005

Before NIEMEYER, LUTTIG, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence, South Carolina, for Appellant.  Jonathan S. Gasser, Acting United States Attorney, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

James Edward Wilson appeals from his 192 month prison sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2000).[*] Finding no reversible error, we affirm.

Wilson contends the district court improperly enhanced his sentence by using his prior convictions to conclude he was an armed career criminal under U.S. Sentencing Guidelines Manual § 4B1.4(a) (2004). Because Wilson preserved his Sixth Amendment claim by objecting to his armed career criminal classification based upon Blakely v. Washington, 124 S. Ct. 2531 (2004), this court's review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). This court has ruled that the nature and occasion of prior offenses are facts inherent in the convictions and that the government does not have to allege prior convictions in the indictment or submit proof of them to a jury as a prerequisite to applying the armed career criminal enhancement. United States v. Thompson, 421 F.3d 278, 285-87 (4th Cir. 2005). Thus, the district court did not err when it considered Wilson's prior convictions in calculating his sentence.

Wilson also asserts that the district court improperly applied an offense level of thirty-four under USSG § 4B1.4(b)(3)(A) using the judicially found fact of possession of a firearm instead

---

[*]Wilson does not challenge his conviction.

of an offense level of thirty-three under USSG § 4B1.4(b)(3)(B). An offense level of thirty-three with the acceptance of responsibility three level reduction results in a total offense level of thirty for a guideline range of 168-210 months. Wilson's 192 month sentence falls within that range. If the acceptance of responsibility reduction is excluded from this determination, as in United States v. Evans, 416 F.3d 298 (4th Cir. 2005), Wilson's requested offense level of thirty-three would result in a sentencing range of 235-298 months, far higher than his actual sentence. Under either calculation, the district court did not commit any reversible Sixth Amendment error when it applied the judicially found fact that Wilson had possessed a firearm.

Wilson avers that the district court's treatment of the sentencing guidelines as mandatory requires resentencing. As Wilson preserved this claim, we review the error under the harmless error analysis. See United States v. Booker, 125 S. Ct. 738, 769 (2005). The Government bears the burden in harmless error review of showing beyond a reasonable doubt that the error did not affect the defendant's substantial rights. United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003). Affecting substantial rights means that the error affected the outcome of the proceedings. United States v. Stokes, 261 F.3d 496, 499 (4th Cir. 2001). An error in sentencing may be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection

- 3 -

of the sentence imposed." <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992).

The Tenth Circuit framed the harmless error analysis by asking whether the <u>Booker</u> error affected the sentence the defendant would receive under the post-<u>Booker</u> framework of consulting advisory guidelines, the 18 U.S.C. § 3553(a) (2000) factors, and review for unreasonableness. <u>United States v. Labastida-Segura</u>, 396 F.3d 1140, 1142 (10th Cir. 2005). Other circuits, in cases where the district court imposed an alternative sentence, have found remand for resentencing appropriate unless it is clear that the lower court adequately took into account § 3553(a) in imposing sentence. <u>See</u> <u>United States v. Serranto-Dominguez</u>, 406 F.3d 1221, 1224 (10th Cir. 2005). In this case, the district court did impose an alternate sentence in accordance with <u>United States v. Hammoud</u>, 381 F.3d 316, 353-54 (4th Cir. 2004) (en banc), <u>judgment vacated</u>, 125 S. Ct. 1051 (2005), identical to Wilson's actual sentence. When the district court imposed its alternate sentence, it stated that the alternate sentence was being imposed pursuant to § 3553(a). The Government thus satisfied its burden of demonstrating that the district court's error in sentencing Wilson under the mandatory guidelines was harmless error that did not affect Wilson's substantial rights.

Accordingly, we affirm Wilson's sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>
