**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 2003**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

LUIS ANTHONY RIVERA,

    Defendant-Appellant.

No. 01-7058

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**
**(D.C. Nos. 00-CV-294-S and 83-CR-96-S)**

---

Vicki Mandell-King, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender, with her on the briefs), Denver, Colorado, for Defendant-Appellant.

Luis A. Rivera, pro se, Lompoc, California.

Michael A. Rotker, Attorney, Criminal Division, Appellate Section, U. S. Department of Justice, Washington, D.C. (Sheldon J. Sperling, United States Attorney, and Paul G. Hess, Assistant United States Attorney, Eastern District of Oklahoma, with him on the brief), for Plaintiff-Appellee.

---

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

In this § 2255 habeas appeal, Appellant asks us to reverse his conviction for continuing criminal enterprise ("CCE") on the basis of Richardson v. United States, 526 U.S. 813 (1999). After extensive review of the briefs, the record, and the applicable law, we hold that any alleged Richardson errors were harmless in this case because a properly qualified jury unanimously convicted Appellant of four predicate violations, which is sufficient to support the CCE conviction. For this reason, we affirm the trial court's ruling denying Appellant's motion.

This case has a long history. Twenty years ago, a federal grand jury returned two indictments, charging Appellant with thirteen counts of various drug crimes. The only count relevant to this appeal is the CCE count pursuant to 21 U.S.C. § 848(a). This count alleged that Appellant

> knowingly and willfully violated Title 21, United States Code, Sections 952, 960, and 841, by doing and causing the importation of cocaine into the United States from Columbia, South America, and by doing and causing the possession of cocaine with intent to distribute and the distribution of cocaine, as alleged in Counts II and IV of this Indictment, which are incorporated herein by reference, which violations were a part of the continuing series of violations undertaken by [Appellant and others].

Supp. to Rec., Vol. I, at 21 (Indictment filed July 27, 1983, at 11). Although the CCE count itself only referenced two violations which are predicate offenses to the CCE count (Count II, importing cocaine in violation of 21 U.S.C. §§ 952 (a) and 960 and Count IV, possessing cocaine with intent to distribute and distributing cocaine, in violation of 21 § U.S.C. 841(a)), two other predicate offenses were charged in the same indictment.

-2-

Specifically, Appellant was charged in Count I with conspiring to import cocaine and in Count III with conspiring to possess cocaine with intent to distribute and to distribute cocaine. Id. at 1-9.

The trial court instructed the jury that to convict on the CCE charge it "must find that the defendant committed three or more successive violations of federal drug laws over a definite period of time with a single or substantially similar purpose." Supp. to Rec., Vol. X, at 1241. The jury convicted on all counts. After a lengthy direct appeal, we affirmed all convictions but two. We instructed the trial court "to vacate two of defendant's conspiracy convictions [Counts I and III above] because they are lesser-included offenses of the CCE violation." United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990) (*en banc*).

Nine years later, the Supreme Court decided Richardson v. United States, 526 U.S. 813 (1999), in which it held that a jury "must unanimously agree not only that the defendant committed some continuing series of violations but also that the defendant committed each of the individual violations necessary to make up that continuing series." Id. at 815 (internal quotations omitted). Based on Richardson, Appellant filed his first motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The trial court held that "Richardson is not retroactive" and on this basis denied the motion as untimely. Rec., Vol. I, Doc. 18, at 3. We have since held that because Richardson announced a new rule of substantive law, it applies retroactively. See United States v. Barajas-Diaz, 313 F.3d

1242, 1245 (10th Cir. 2002). Therefore, we must address the merits of Appellant's motion.

Appellant asks us to reverse his CCE conviction on two legal theories: indictment inadequacy and improper jury instructions. To support these theories, Appellant first argues that indictment error under Richardson is structural error and therefore is not subject to harmless error analysis. We recently addressed this issue and held that "the failure of an indictment to allege an essential element of a crime . . . is subject to harmless error review." United States v. Prentiss, 256 F.3d 971, 981 (10th Cir. 2001) (*en banc*). Accordingly, we must review the alleged Richardson errors for harmlessness.

Appellant argues that the errors in this case were not harmless because the two conspiracy counts, which would normally be predicates for the CCE conviction, were vacated. In evaluating convictions on collateral review, the harmless error inquiry "is whether the error had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946) (internal quotations omitted)). Although Appellant argues that the more stringent "harmless beyond a reasonable doubt" standard of Chapman v. California, 386 U.S. 18, 24 (1967), should apply to § 2255 motions, we do not address this argument because we hold that any Richardson errors in this case were harmless under either standard.

Unlike many cases involving harmless error analysis, here, we are presented with a clear-cut case of harmlessness. Regarding Appellant's alleged indictment errors, even assuming, without deciding, that Richardson applies to indictment-based challenges, such errors were harmless in this case. We have held that "a CCE indictment is sufficient where . . . the CCE count[] charge[s] [the defendant] in the language of the statute, and the indictment additionally alleges at least three violations in another count or counts." United States v. Staggs, 881 F.2d 1527, 1531 (10th Cir. 1989) (*en banc*). That is precisely what happened in this case. The same indictment charging the CCE also charged four other violations which are predicates to the CCE charge: (I) conspiring to import cocaine; (II) importing cocaine; (III) conspiring to possess with intent to distribute cocaine; and (IV) possessing cocaine with intent to distribute cocaine. Supp. to Rec., Vol. I, at 11-19 (Indictment filed July 27, 1983, at 1-9).

Although two of these are conspiracy charges, it is clear that conspiracy charges count as predicate violations to support a CCE conviction. See United States v. Hall, 843 F.2d 408, 410 (10th Cir. 1988). Therefore, since the jury unanimously convicted Appellant of four predicate violations, Richardson's requirement–that a jury "unanimously agree . . . that the defendant committed each of the individual 'violations' necessary to make up [the] 'continuing series'"–is met. Richardson, 526 U.S. at 815.

This is true even though the conspiracy charges were later vacated for resentencing purposes. We instructed the district court to vacate the conspiracy charges when

-5-

resentencing only "because they are lesser-included offenses of the CCE violation" and not because the jury improperly convicted on the CCE charge. United States v. Rivera, 900 F.2d 1462, 1469 (10th Cir. 1990) (*en banc*). The post-conviction vacatur of the conspiracy offenses, done for sentencing purposes and not because of a challenge to the CCE conviction, does not invoke Richardson concerns. Thus, even if Richardson applies to indictment-based errors, the errors were harmless in this case because a properly qualified jury, acting according to the principles of due process, unanimously found Appellant guilty of four predicate violations. These violations are enough to support the CCE conviction. Therefore, we hold that any Richardson errors regarding the indictment were harmless.

Regarding Appellant's second theory of error, inadequate jury instructions, we hold that any such errors were harmless in this case. Appellant argues that the trial court committed reversible error by failing to specifically instruct the jury that it must unanimously find him guilty of the predicate violations supporting the CCE charge. Before the jury convicted on the four predicate offenses outlined above, they were instructed that their verdicts "must be unanimous, which means that each juror must agree and concur in the verdict on the defendant on each of the counts in the indictment." Supp. to Rec., Vol. X, at 1249. When taken together, the general unanimity instruction and the jury's guilty verdicts on each of the four predicate offenses necessarily reflect the jury's unanimous finding that Appellant committed those four crimes. Therefore, we are

-6-

not left to wonder what the jury would have done if the trial court had specifically instructed that it must unanimously find Appellant guilty of each predicate violation before convicting on the CCE charge. Instead, we can look to what the jury actually did, that is, it unanimously convicted on four predicate violations.

For all these reasons, we hold that any <u>Richardson</u> instructional errors as well as any <u>Richardson</u> indictment errors were harmless. In light of this holding, we need not address Appellant's third and final argument that his claims are not procedurally defaulted.

**AFFIRMED**.