**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

COREY ANTWAN WILSON,

    Defendant - Appellant.

No. 04-6322
(D.C. No. CR-98-93-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HOLLOWAY** and **KELLY**, Circuit Judges.

Defendant-Appellant, Corey Antwan Wilson, appeals from his resentencing in connection with his guilty plea for distributing cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1). After this court vacated the sentence of life imprisonment imposed by the district court and determined that only 711 grams of cocaine base, rather than 1590.8 grams found by the district court, were attributable to Mr. Wilson, *United States v. Wilson*, No. 99-6233, 229 F.3d 1165, 2000 WL 1199101 (10th Cir. 2000) (unpublished disposition) ("*Wilson I*"), the district court resentenced Mr. Wilson to 360 months'

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment based on Mr. Wilson having a base offense level of 36 under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). *See* U.S.S.G. § 2D1.1(c)(2) (specifying a base offense level of 36 for a drug quantity of at least 500 grams but less than 1.5 kilograms of cocaine base). On appeal, Mr. Wilson contends that the resentencing violates his constitutional rights and the Supreme Court's holding in *United States v. Booker*, 125 S. Ct. 738 (2005). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and AFFIRM.

## BACKGROUND

In 1998 Mr. Wilson was indicted in six counts by a grand jury sitting in the Western District of Oklahoma. Count 1 charged him with conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. Count 2 charged him with maintaining a place for distribution and use of a controlled substance in violation of 21 U.S.C. § 856 and aiding and abetting punishable under 18 U.S.C. § 2. Counts 8, 10, 19 and 27 charged distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) on four different occasions.

Mr. Wilson pled guilty to the distribution charged in Count 27, which carried a maximum penalty of life imprisonment with a mandatory minimum of ten years. After overruling all of Mr. Wilson's objections to the recommendations contained in the Presentence Report, the district court imposed a sentence of life imprisonment.

In his prior appeal, Mr. Wilson challenged the life sentence on several grounds. Specifically he challenged: (1) the propriety of the imposition of an enhancement for his

role in the offense; (2) the drug quantity calculation; (3) the enhancement for obstruction of justice; and (4) the denial of an adjustment for acceptance of responsibility. Rejecting all of Mr. Wilson's contentions except some of those attacking the drug quantity calculation, this court ordered Mr. Wilson's case remanded for resentencing in light of *United States v. Santos*, 195 F.3d 549 (10th Cir. 1999)*, and also determined that only 711 grams, rather than the 1590.8 grams found by the district court, were attributable to Mr. Wilson. *Wilson I.*

After the parties had submitted briefs addressing the potential impact of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakley v. Washington*, 124 S. Ct. 2531 (2004), on Mr. Wilson's sentence, the district court resentenced him on September 30, 2004. The court imposed a sentence of 360 months' imprisonment, followed by a term of supervised release of five years. The court also imposed an identical alternative sentence of 30 years' imprisonment in the event the Guidelines were declared unconstitutional by the Supreme Court.[1]

Mr. Wilson timely filed this appeal, contending that the district court erred in imposing a sentence in excess of the statutory maximum penalty applicable to the offense of conviction and that the district court incorrectly calculated the guideline range. We subsequently directed the parties to file supplemental briefs addressing: (1) whether the

---

[1] Because of this court's finding in *Wilson I*, defendant had a base offense level of 36. *See* U.S.S.G. § 2D1.1(c)(2). After the court applied other enhancements, however, defendant's total offense level became 42, resulting in a guideline range of 360 months to life. *Wilson I* at **5.

district court committed constitutional error under *Booker* by applying a Guidelines base offense level of 36 when the defendant admitted distributing only ten grams of cocaine base; and (2) if so, whether the error was harmless beyond a reasonable doubt in light of the district court's imposition of an alternative identical sentence. We conclude that the district court committed constitutional *Booker* error but that the error is harmless.

## DISCUSSION

### 1. Applicable statutory range

Mr. Wilson first contends that the district court erred in resentencing him to a term of imprisonment in excess of the statutory maximum penalty applicable to the offense of conviction. He points out that his indictment did not charge a particular quantity of cocaine base and that 21 U.S.C. § 841(b)(1)(C) provides that if a person is charged with distributing cocaine base (a Schedule II drug) and no drug quantity is charged, "such person shall be sentenced to a term of imprisonment of not more than 20 years." *See* 21 U.S.C. § 841(b)(1)(C). Because of the failure of the indictment to charge a particular drug quantity, he argues, the district court's error in sentencing him to more than 20 years' imprisonment is reversible error. We disagree.

Wilson's argument relies on this court's holding in *United States v. Jones*, 235 F.3d 1231 (10th Cir. 2000), in which we stated:

> We conclude the quantity of drugs involved in a violation of § 841 is an essential element of the offense if that fact exposes the defendant to a heightened maximum sentence under § 841(b)(l)(A) or (B). A district court may not impose a sentence in excess of the maximum set forth in 21 U.S.C. § 841(b)(l)(C) unless the benchmark quantity of cocaine base for an enhanced penalty is alleged in the indictment in addition to being submitted to the jury

and proven beyond a reasonable doubt. *See United States v. Kovach*, 208 F.3d 1215,1218 (10th Cir. 2000) ("To pass constitutional muster, an indictment must contain all the essential elements of the charged offense.").

235 F.3d at 1236-37. Because Jones's sentence impermissibly exceeded the statutory maximum term applicable to the offense charged by the grand jury, this court held that the error was not harmless. *Id*. at 1235.

However, *Jones* did not address whether the failure to charge a specific drug quantity may in some cases be harmless error. Since *Jones*, this court has held that "the failure of an indictment to allege an essential element of a crime . . . is subject to harmless error review." *United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir. 2001) (en banc). *See also United States v. Rivera*, 347 F.3d 850, 851-52 (10th Cir. 2003). Thus, while it is error for a district court to sentence a defendant to greater punishment than is provided for the offense charged in the indictment, as occurred at resentencing here, the error is subject to harmless error analysis.

The record in this case shows that Mr. Wilson and his attorney consistently acknowledged that the drug quantity involved in the count of conviction was approximately 10 grams of crack cocaine. The statutory punishment range for that quantity is five to forty years. 21 U.S.C. § 841(b)(1)(B)(iii).

During the change of plea proceeding conducted on September 8, 1998, Mr. Wilson's counsel asserted that *only* 10 grams of cocaine base was attributable to him in the following exchange:

> MR. FISHER [Defense counsel]: As to 17-B, Your Honor, the ten-year

mandatory minimum, - -

THE COURT: Yes.

MR. FISHER:  - - there's a little bit of explanation that we probably should put in the record on that.

Mr. Wilson was advised, as I was, at his initial appearance in front of Magistrate Roberts, that the government's position in this case is that he may be responsible for drugs in excess of one-and-a-half kilos.  We intend to contest that drug quantity.

But in *Count 27 that he's pleading guilty to, it only involves ten grams.* It doesn't state that in the indictment, it just says, "a quantity."  *That transaction involved only ten grams of cocaine base.*

ROA, Vol. I, Doc. 371, Exhibit 2, pp. 5-6 (emphasis added).

Mr. Wilson also admitted in a written statement submitted to the Probation Office that his culpability for Count 27 included a quantity of crack in excess of the five-gram minimum necessary to authorize the sentence imposed under subsection 841(b)(1)(B)(iii).[2]  Our opinion in the previous appeal noted that Mr. Wilson had made representations in "unqualified terms" that the count of conviction involved 10 grams of crack.  *Wilson I* at **1, n.3.

In the context of constitutional error, the test for harmlessness is "[w]hether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained.'"  *United States v. Prentiss*, 256 F.3d at 983-85 (quoting *Neder v. United States*, 527 U.S. 1, 15 (1999)).  Here the omitted element (a quantity of at least

---

[2]In a written statement to the probation office regarding his version of events and acceptance of responsibility for Count 27, Mr. Wilson wrote that he "sold 50 grams of crack cocaine" on March 9, 1998.  ROA, Vol. I, Doc. 371, Exhibit 4.

five grams of cocaine base) was not contested by Mr. Wilson but was specifically admitted by him at the plea proceeding and in his statement to the Probation Office. Therefore, we conclude that the error in the Indictment not charging a specific drug quantity is harmless beyond a reasonable doubt.

## 2. *Booker* violation

We now address whether Mr. Wilson's sentence violates the Supreme Court's holding in *United States v. Booker*. Mr. Wilson contends that the district court violated *Booker* by basing his sentence on facts that were neither admitted by him nor found by a jury. We agree.[3]

This court has recognized two types of *Booker* errors, constitutional and non-constitutional. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). A constitutional *Booker* error arises when a court "[relies] upon judge-found facts, other than those of prior convictions, to enhance a defendant's sentence mandatorily." *Id.* A non-constitutional error occurs when a sentencing court "appl[ies] the Guidelines in a mandatory fashion, as opposed to a discretionary fashion, even though the resulting sentence was calculated solely upon facts that were admitted by the defendant, found by the jury, or based upon the fact of a prior conviction." *Id.* at 731–32.

Here Mr. Wilson admitted distributing only 10 grams of crack, which yields a base offense level of 26 under the Guidelines. *See* U.S.S.G. § 2D1.1(c)(7). However, the

[3]The district court resentenced Mr. Wilson before the decision in *Booker*, so the district court was following existing law in proceeding as it did. But of course we are bound to apply current law, in light of which the error below is clear.

district court imposed a sentence based on this court's determination that 711 grams of crack, which yields a base offense level of 36, *see* U.S.S.G. § 2D1.1(c)(2), were attributable to him. The district court also found other facts that resulted in an increase in the offense level and thus in the Guidelines range.[4] Because Mr. Wilson's sentence was based on facts that were neither admitted by him nor found by a jury, the district court committed constitutional *Booker* error, and we must determine whether the error is harmless. *See United States v. Windrix*, 405 F.3d 1146, 1158 (10th Cir. 2005); *see also United States v. Lang*, 405 F.3d 1060, 1063-64 (10th Cir. 2005). The Government carries the burden to demonstrate harmlessness, beyond a reasonable doubt. *Lang*, 405 F.3d at 1065; *United States v. Waldroop,* 431 F.3d 736, 743 (10th Cir. 2005) (concluding constitutional *Booker* error was harmless beyond a reasonable doubt because there was no reason to believe the district court would impose a different sentence upon remand); *see also United States v. Small,* 423 F.3d 1164, 1190-91 (10th Cir. 2005), *cert. denied*, 126 S. Ct. 1377 (2006) (reviewing to determine whether preserved constitutional *Booker* error was harmless beyond a reasonable doubt); *Delaware v. Van Arsdall*, 475 U.S. 673, 681 (1986) (noting the Supreme Court has "repeatedly reaffirmed the principle that an otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable

---

[4]See n.1, *supra*.

doubt").[5]

The government contends that the constitutional *Booker* error is harmless beyond a reasonable doubt because the district court, in issuing its identical, alternative sentence, exercised the same discretion now granted by the remedial portion of *Booker* in sentencing Mr. Wilson, and that his sentence did not exceed the statutory maximum for the 10 grams of cocaine base admitted by him. Therefore, the government asserts, remand would be futile because it is already quite clear that the district court would impose the same sentence. We agree. Moreover, we are not persuaded by defendant's contention that the alternate sentence is a nullity because the specific condition envisioned by the district court – a holding that the Guidelines are unconstitutional – did not occur in *Booker*. We are not actually affirming the district court's alternative sentence. Rather, that sentence is, we conclude, conclusive evidence that the *Booker* error was harmless and that the actual sentence, not the alternative sentence, should be affirmed.

We have found constitutional *Booker* error to be harmless in previous cases. In one case we found that the overwhelming evidence supporting the judge-found facts, combined with the clear inferences to be drawn from the jury verdict, demonstrated that

---

[5]We must decline defendant's invitation to revisit the issue and hold that the harmless error doctrine does not apply because the error is of constitutional dimension. Not only are we bound by the prior decisions of other panels of this court, but also of course by decisions of the Supreme Court, which have long applied harmless error analysis to most constitutional errors. *See, e.g., Chapman v. California*, 386 U.S. 18, 24 (1967).

the jury would have made the same findings that the judge made, had the issues been submitted to the jury. *United States v. Riccardi*, 405 F.3d 852, 875-76 (10th Cir.), *cert. denied*, 126 S.Ct. 825 (2005). Moreover, we said in *Riccardi* that the fact that the district court had exercised its discretion to impose a sentence at the top of the range calculated under the Guidelines left no reason to believe that the district court would impose a different sentence if the case were to be remanded. 405 F.3d at 876.

We later cited *Riccardi* in holding constitutional error to be harmless beyond a reasonable doubt in another case in which the district court had chosen a sentence at the very top of the Guidelines range. *United States v. Waldroop*, 431 F.3d at 742-43. In that case, we made no mention of the strength of the evidence supporting the judge-found facts that contributed to the Guidelines calculation. Because the Guidelines are still to be consulted as advisory, this result was sound. On remand, presumably the district judge would have found the same facts under the advisory Guidelines system that he had found before, and would have exercised his increased discretion to impose a sentence at least as severe as he had originally, given his comments on the defendant's conduct and his previous decision to impose the maximum punishment permitted by the formerly mandatory Guidelines regime.

In several cases we have found non-constitutional *Booker* error to have been harmless, relying specifically on the fact that the sentencing courts in those cases had (in anticipation of the possibility that the Supreme Court might declare the entire Guidelines

system unconstitutional) imposed alternative sentences identical to the Guidelines sentence, just as the district court did here in resentencing Mr. Wilson. *United States v. Serrano-Dominguez* 406 F.3d 1221, 1223-24 (10th Cir. 2005); *United States v. Cornelio-Pena*, 435 F.3d 1279, 1288-89 (10th Cir.), *cert. denied*, 126 S.Ct. 2366 (2006); *United States v. Cordova-Arevalo*, __ F.3d __, 2006 W. 2259076 (10th Cir. Aug. 8, 2006). We have reached the same conclusion of harmless error based on a district court's issuance of an identical alternative sentence in at least one unpublished case involving constitutional *Booker* error. *United States v. McCleary*, No. 04-6316, 151 Fed.App. 697, 2005 WL 2746748 (10th Cir. Oct. 25, 2005).

We are convinced that if we were to remand this case the result would be the same. Although *Riccardi* and *Waldroop* can be distinguished on the basis that in those cases the sentences were at the top of the Guidelines range and in this case the sentence was at the bottom of the range, the more general reasoning is the same in all of these cases. That rationale is that the sentencing judge has, in each of these cases, made clear that the sentence imposed was reasonable and just. In *Riccardi* and *Waldroop*, the district courts had actually exercised the limited discretion available under the formerly mandatory Guidelines system, and thereby had signaled that the increased discretion available to them post-*Booker* would not have inured to the benefit of the defendants. Here, the sentencing judge made the same point even more clearly by means of the alternative sentence. In doing so, the judge was keenly aware that the punishment was severe, but he

was also focused on the specific circumstances of the case, as his comments made clear.

The record shows that the court considered the 18 U.S.C. § 3553(a) factors before resentencing Mr. Wilson. The court was familiar with Mr. Wilson, as this was a re-sentencing, and considered mitigating matters which had occurred since his initial sentencing.

The court also detailed its reasons prior to imposing sentence:

> Recognizing all the circumstances in this case, including the particularly egregious aspects of it as recalled by government counsel, the Court concludes that the range of punishment does provide a – though far less than his original sentence – a very serious range of punishment for this offense and finds that the following sentence is appropriate.

> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of 360 months.

> The selection of the bottom of the guideline range in this case is made not in disregard of the egregious circumstances, both in the crime of offense but in the efforts to mislead the Court in – in connection with the sentencing, but rather to recognize that a 360-month sentence is a very severe sentence under any circumstances and is sufficient to address the issues in Mr. Wilson's case. Thus, the selection of the bottom of the guideline range is made for those reasons.

ROA, Vol. II at 12.

In addition, the court added the following:

> In addition to the Court's stated reasons for imposing the selection of the sentence imposed, it is the Court's additional reason that such a sentence will be sufficient under the circumstances to deter others who might be tempted to commit this offense and certainly this level of criminal activity, and is imposed as a deterrent to – to others, and is deemed to be sufficient for that purpose in light of the severity of the guideline ranges and the statutory

-12-

permissive penalties that can be imposed.

ROA, Vol. II at 14.

We are mindful that the judge's comments came in explanation of the Guidelines sentence and that the judge did not specifically say that the alternative sentence was based on the features of the case that he had just mentioned. But that does not suggest that the alternative sentence was somehow loosened from those underpinnings, as defendant suggests, because that implies that the alternative sentence was merely arbitrary. We find that implication unjustified. The judge had acknowledged that he was imposing a "very severe" sentence. We do not think that any part of the adjudication was undertaken lightly. To the contrary, we are convinced that the only reasonable inference is that the alternative sentence was based on the judge's thoughtful consideration of all relevant factors.

The comments by the district court lead us to conclude that the court, although bound at the time by a mandatory Guidelines regime, was guided in its alternative sentence by the desire to fashion an appropriate sentence for the offense in this case. A sentence within the range set by the advisory Guidelines is presumptively reasonable. *United States v. Kristl*, 437 F.3d 1050, 1054 (10th Cir. 2006).

Given this alternative sentence, we need not speculate on the sentence the district court might impose if we were to remand the case, or the reasons for the sentence imposed by the court. The district court has clearly expressed its intent through its

-13-

alternative sentence, and there is no reason to believe that it would impose a different sentence upon remand. *See Waldroop,* 431 F.3d at 743; *see also United States v. Serrano-Dominguez*, 406 F.3d 1221, 1223-24 (10th Cir. 2005) (in spite of non-constitutional *Booker* error, sentence affirmed where district court pronounced alternate sentence that was identical to the actual sentence). Thus, it would be futile to remand for resentencing.

Accordingly, we conclude that the error in sentencing Mr. Wilson through the use of judicial fact-finding was harmless beyond a reasonable doubt.

## CONCLUSION

For the foregoing reasons, the judgment of the District Court is

AFFIRMED.

ENTERED FOR THE COURT

William J. Holloway, Jr.
Circuit Judge

-14-