FILED
United States Court of Appeals
Tenth Circuit

March 17, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

　　Plaintiff-Appellee,

v.

COREY ANTWAN WILSON,

　　Defendant-Appellant.

No. 08-6216
(D.C. Nos. CR-98-93-D and
CV-07-1282-D)
(W. D. Oklahoma)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY, ANDERSON,** and **BRISCOE**, Circuit Judges.

Corey Wilson, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Wilson

has failed to satisfy the standards for the issuance of a COA, we deny his request

and dismiss the matter.

I.

On June 3, 1998, Wilson was indicted on six criminal counts, including one

count of conspiracy to possess with intent to distribute cocaine base, in violation

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

of 21 U.S.C. § 846, four counts of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of maintaining a place for the distribution and use of a controlled substance, in violation of 21 U.S.C. § 856. Wilson ultimately pled guilty to a single count of distribution and, on June 1, 1999, was sentenced to life imprisonment.

On direct appeal, this court vacated Wilson's life sentence and remanded for resentencing due to a drug quantity calculation error. United States v. Wilson, 229 F.3d 1165, 2000 WL 1199101 (10th Cir. Aug. 23, 2000) (unpublished order and judgment) (Wilson I). In doing so, this court concluded that the evidence presented at the time of sentencing was insufficient to support the district court's "attribut[ion of] 1590.8 grams of crack cocaine to" Wilson, id. at *3, but was sufficient to support "a total of some 711 grams," id. at *5. On remand, the district court, relying on the drug quantity calculations affirmed by this court in Wilson I, resentenced Wilson to 360 months' imprisonment. On direct appeal from the resentencing, this court affirmed the sentence imposed by the district court. United States v. Wilson, 195 F. App'x 753, 755, 760 (10th Cir. 2006) (Wilson II). The Supreme Court subsequently denied Wilson's petition for writ of certiorari. Wilson v. United States, 549 U.S. 1146 (2007).

On November 13, 2007, Wilson filed a § 2255 motion to vacate, set aside, or correct sentence asserting that his counsel at resentencing and on appeal from resentencing were ineffective for failing to challenge the validity of the "pre-

2

Apprendi admission" of he and his counsel that his count of conviction involved 10 grams of crack cocaine. ROA, Vol. 1 at 56-57. In support of his claim, Wilson cited to the position adopted by the concurring opinion in United States v. Buonocore, 416 F.3d 1124, 1137 (10th Cir. 2005), that "[a] factual admission by a defendant that the government can prove drug quantity by a preponderance of the evidence, without more, simply does not fulfill the requirements of a voluntary and knowing waiver of the defendant's Sixth Amendment Apprendi rights."

The district court denied Wilson's § 2255 motion on the merits. In doing so, the district court first noted that the position urged by the concurrence in Buonocore "was rejected by the majority of the panel" and thus did not represent controlling Tenth Circuit precedent. ROA, Vol. 1 at 81. More importantly, the district court noted that in Wilson II, this court agreed with Wilson that the district court at resentencing violated United States v. Booker, 543 U.S. 220 (2005), by basing his sentence on facts that were neither admitted by him nor found by a jury, i.e., the 711 gram drug quantity affirmed by this court in Wilson I, but determined that this error was harmless beyond a reasonable doubt because the district court, at the time of resentencing, "also imposed an identical alternative sentence of 30 years' imprisonment in the event the Guidelines were declared unconstitutional by the Supreme Court." 195 F. App'x at 755. In light of these facts, the district court concluded, Wilson was not prejudiced by his counsel's failure to challenge the validity of the "pre-Apprendi" admission either

3

at resentencing or upon appeal from resentencing. App, Vol. 1 at 82. More specifically, the district court concluded that even if Wilson's counsel had successfully challenged the validity of his "pre-Apprendi" admission, it "would not have affected his sentence." Id.

Wilson has since filed a timely notice of appeal from the district court's order denying his § 2255 motion, as well as an application for COA.

II.

The issuance of a COA is a jurisdictional prerequisite to an appeal from the denial of a § 2255 motion. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

After reviewing Wilson's application for COA and the record on appeal, we conclude he has failed to establish his entitlement to a COA. There is no dispute that the district court, in resolving Wilson's § 2255 motion, properly identified the correct standards for ineffective assistance of counsel claims set forth in Strickland v. Washington, 466 U.S. 668 (1984). Further, we are not persuaded

4

that reasonable jurists could debate whether Wilson's ineffective assistance claim should have been resolved in a different manner.  Indeed, we conclude it is indisputable, given the procedural history of this case, that Wilson was not prejudiced by his counsels' failure to challenge the validity of his "pre-<u>Apprendi</u>" admission.  In short, the record firmly establishes that Wilson's "pre-<u>Apprendi</u>" admission had no impact on the sentence ultimately imposed on him by the district court at resentencing.

The application for COA is DENIED and the matter is DISMISSED.  Wilson's motion for leave to proceed in forma pauperis on appeal is DENIED.


Entered for the Court


Mary Beck Briscoe
Circuit Judge