**F I L E D**
**December 13, 2005**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

DAVID BAO LE,

       Defendant - Appellant.

No. 04-6269
(D.C. No. CR-03-112-M)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.


     David Bao Le pleaded guilty to conspiracy to possess and distribute a

controlled substance. The district court sentenced Mr. Le to 235 months in prison

but gave two alternative sentences: a 235-month sentence in case the Sentencing

Guidelines were found unconstitutional and a 151-month sentence in case just the

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

upward enhancements were found unconstitutional. On appeal, Mr. Le contends

that he should receive the 151-month sentence. We disagree and affirm.

## I. Background

As described in our opinion in a related case, see United States v.

Sengkhamvilay, No. 04-6217, slip op. at 2 (10th Cir. December 13, 2005)

(unpublished), law enforcement officers began investigating an Oklahoma City

"ecstasy" ring in the fall of 2001. Mr. Le was arrested during the course of that

investigation. He eventually pleaded guilty to a charge of conspiracy both to

possess with intent to distribute and to distribute in excess of 500,000 tablets of

ecstasy and in excess of five kilograms of cocaine powder, in violation of 21

U.S.C. §§ 841(a)(1) & 846. At the sentencing hearing, which came after the

Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), but

before the decision in United States v. Booker, 543 U.S. 220 (2005), counsel for

Mr. Le objected on the basis of Blakely. However, he also stated:

> [W]hat I would like to tell the Court is that we are willing to go forward
> with our sentencing today, that the base offense level of 34 will be
> unchallenged today, and the possession of a firearm, the two-point
> enhancement, will not be challenged today.
>     We would ask the Court to accept a stipulation between ourselves
> and the Government that there should be an adjustment for the role in
> the offense for two points, as compared to four points. There will be
> no other challenges today to the sentence. We would ask the Court to
> sentence Mr. Le under a total offense level of 38.

Mr. Le also withdrew his factual objections to the presentence report, other than an objection to the recommendation that there be no reduction for acceptance of responsibility. The court denied that objection and, based upon an offense level of 38, imposed a sentence of 235 months — the bottom of the Guideline range. Wary of the ramifications of Blakely, the court also imposed two alternative sentences. As reflected in the judgment, the court ruled

> that if the U.S. Sentencing Guidelines, in their entirety, are later found to be unconstitutional, the defendant is alternatively sentenced to 235 months, and that if only the upward enhancements of the U.S. Sentencing Guidelines are later found to be unconstitutional, the defendant is alternatively sentenced to 151 months.

Mr. Le timely appealed his sentence.[1]

## II. Discussion

The district court's application of the Guidelines in a mandatory fashion was non-constitutional Booker error.[2] See United States v. Gonzalez-Huerta, 403 F.3d 727, 731 (10th Cir. 2005) (en banc). Because Mr. Le's Blakely objection properly preserved that error, we review to determine whether the error was harmless. See United States v. Labastida-Segura, 396 F.3d 1140, 1142–43 (10th Cir. 2005). Although non-constitutional Booker error is not harmless when "we

---

[1]We previously denied the Government's motion to enforce the plea agreement and dismiss this appeal.

[2]There was no constitutional error — the district court was not required to do any fact-finding because Mr. Le affirmatively "accept[ed] the statements in the Presentence Report as facts."

are unable to say, without undue speculation, that the district court would have imposed the same sentence on remand," such error *is* harmless when "we are not required to engage in any speculation . . . because the district court explained exactly what it would do if the Guidelines were found unconstitutional." United States v. Corchado, 427 F.3d 815, 821 (10th Cir. 2005).

Accordingly, the error in this case was harmless. The district court concluded that if the Guidelines were found unconstitutional, it would apply an identical alternative sentence of 235 months. The district court stated that a 235-month sentence

> reflects the seriousness of the offense in this case. It promotes respect for the law. It provides just punishment for the offense. The Court would further find that the sentence affords adequate deterrence to further criminal conduct of this Defendant and it protects the public from further crimes of this Defendant.

Additionally, the court noted that it arrived at the alternative 235-month sentence "based upon the nature of the offense involved, the quantity of drugs involved, the Defendant's role in the offense, the Defendant's use of a firearm in relation to the offense, and the Defendant's criminal history." Therefore, "we do not need to read any tea leaves to determine what the district court would do on remand" because "the district court announced an [identical] alternative sentence, which applied the methodology suggested by Booker." United States v. Serrano-Dominguez, 406 F.3d 1221, 1223 (10th Cir. 2005).

Although the court also suggested an alternative sentence of 151 months, it did so in case "only the upward enhancements of the U.S. Sentencing Guidelines are . . . found to be unconstitutional," such that the court could not apply upward enhancements. Because Booker did not preclude application of upward enhancements, the district court's precautionary recitation of a 151-month alternative sentence does not make us any less "confident that the district court would impose the same sentence upon remand." Corchado, 427 F.3d at 821. Thus, the error was harmless and remand is unnecessary.[3]

## III. Conclusion

For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[3]In any event, Mr. Le does not ask us to remand for *de novo* resentencing, but asks only that we either require the district court to impose the 151-month alternative sentence or impose it ourselves. Because the condition on which the alternative 151-month sentence was based did not occur, we decline to do so.