**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

DAVID BAO LE,

     Defendant – Appellant.

No. 10-6161
(W.D. Okla.)
(D.C. No. 5:03-CR-00112-M-1)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

David Bao Le filed a "Motion to Amend Judgment and Commitment under Oral Pronouncement," which the district court denied on the merits. We conclude the motion is a successive motion for habeas relief under 28 U.S.C. § 2255. We therefore vacate the district court's judgment because it lacked jurisdiction to rule on the merits of the motion.

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id*.

## I.  BACKGROUND

Le was sentenced on August 16, 2004, to a term of 235 months in prison in accordance with the United States Sentencing Guidelines.  Because the constitutionality of the Guidelines, raised in *Blakely v. Washington*, 542 U.S. 296 (2004), was likely to be decided in *United States v. Booker*, 543 U.S. 220 (2005), a case pending before the Supreme Court at the time of the sentencing, the court added the proviso:

> that if the U.S. Sentencing Guidelines, in their entirety, are later found to be unconstitutional, the defendant is alternatively sentenced to 235 months, and that if only the upward enhancements of the U.S. Sentencing Guidelines are later found to be unconstitutional, the defendant is alternatively sentenced to 151 months.

(R. Vol. I at 63.)

On direct appeal, Le argued he was entitled to the lower 151-month sentence. *United States v. Le*, 158 Fed. Appx. 154, 155 (10th Cir. 2005).  This Court concluded the sentencing court committed non-constitutional error under *Booker* in treating the Guidelines as mandatory.  *Id*. at 156.  We determined the error was harmless, however, because the court clearly indicated it would impose the alternative 235-month sentence in the absence of the Guidelines.  *Id.*  We further stated:

> Although the court also suggested an alternative sentence of 151 months, it did so in case "only the upward enhancements of the U.S. Sentencing Guidelines are . . . found to be unconstitutional," such that the court could not apply upward enhancements.  Because *Booker* did not preclude application of upward enhancements, the district court's precautionary recitation of a 151-month alternative sentence does not make us any less confident that the district court would impose the same sentence upon remand.

*Id*. at 157 (quotations omitted).

In 2006, Le raised the same issue in a 28 U.S.C. § 2255 motion. The district court dismissed the motion on May 5, 2008, because it raised issues already decided on direct appeal. He did not appeal from the dismissal.

More than two years later, on June 11, 2010, Le resurrected the same issue in a pro se filing[1] entitled, "Motion to Amend Judgment and Commitment under Oral Pronouncement." (R. Vol. I at 68.) The district court denied the motion on the merits because the condition for the alternative 151-month sentence was unmet. Le filed a notice of appeal and a motion to proceed *in forma pauperis* on appeal, which the district court granted.

## II.    DISCUSSION

The district court decided the motion on the merits without determining what procedural vehicle Le was using to challenge his sentence.[2] For a federal prisoner, "[t]he exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965). A § 2255 motion is one "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

---

[1] We construe pro se pleadings liberally. *See Ledbetter v. City of Topeka Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] The government argues the law of the case doctrine controls because Le's arguments have already been rejected on the merits in earlier proceedings. Because we find the district court lacked jurisdiction to rule on the merits of the motion, we need not reach that issue.

- 3 -

sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006). "It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion." *Id.* at 149.

Le asked the district court to amend his sentence to 151 months "in light on [sic] Blakely." (R. Vol. I at 68.) He alleges his alternative sentence was triggered by a new rule of federal law. We therefore treat his motion as a motion under § 2255.[3] Because he has already filed a § 2255 motion, it is a second or successive motion.

> [A] second or successive § 2255 motion cannot be filed in district court without approval by a panel of this court. . . . [I]f the prisoner's pleading must be treated as a second or successive § 2255 motion, the district court does not even have jurisdiction to deny the relief sought in the pleading.

*Nelson*, 465 F.3d at 1148. Le never sought permission to file a second or successive § 2255 motion. Consequently, the district court lacked subject matter jurisdiction and we vacate its ruling.[4]

We may treat Le's appeal as an implied application for leave to file a second or

---

[3] Although we generally avoid characterizing motions as § 2255 motions so as not to prevent a claimant from raising a legitimate issue later (in a first § 2255 motion), we do not restrict ourselves from doing so where a claimant has already filed a § 2255 motion. *Nelson*, 465 F.3d at 1149 ("any future motion will be subject to the same constraints whether it is a second § 2255 motion or a third").

[4] When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under [28 U.S.C.] § 1631, or it may dismiss the motion or petition for lack of jurisdiction.

*In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The district court here did neither.

- 4 -

successive § 2255 motion. *See id*. at 1149. To qualify for certification, a second or successive § 2255 motion must contain "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Le's motion does not meet the requirements of 28 U.S.C. § 2255.

Le has now raised this issue three separate times. This Court and the district court have each denied his requests for relief on the merits at least once.

> The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . . . [T]he Supreme Court has recognized that abuses of this privilege may give rise to the imposition of filing restrictions. The goal of fairly dispensing justice is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims.

*Winslow v. Hunter (In re Winslow)*, 17 F.3d 314, 315 (10th Cir. 1994) (quotations and citations omitted). Le's motion is repetitive, frivolous, and utterly without merit and we caution that he will face the imposition of limitations on his ability to file further motions and particularly to do so *in forma pauperis* should he continue along this path.

We **VACATE** the district court's judgment and **DENY** Le's implied application for leave to file a second § 2255 motion.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

- 5 -